IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | |
|---|---|
| ROLAND MATHIS, ) | |
|       Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 5:18-001111 |
| ) | CIVIL ACTION NO. 5:19-CV-00615 |
| WARDEN JOEL ZIEGLER, *et al.*, ) | |
|       Defendants. ) | |

**O R D E R**

On August 22, 2019, Plaintiff, acting *pro se*, filed a Motion to Amend in the above action. (Document No. 96.) In his Motion, Plaintiff states that Officers J. Swager, T. Sweeney, and J. Perry "ransacked" Plaintiff's cell during searches conducted on February 14, 2019, and June 20, 2019. (Id.) Plaintiff alleges that Officers Swager, Sweeny, and Perry engaged in retaliatory conduct towards Plaintiff based upon Plaintiff's race. (Id.) Plaintiff claims that the foregoing conduct has caused Plaintiff to suffer emotional distress.[1] (Id.)

---

[1] The undersigned notes that Plaintiff asserts allegations against correctional officers concerning Inmate Cooper. Plaintiff is advised that he cannot proper assert a claim based on another inmate. Individuals have a statutory right pursuant to 28 U.S.C. § 1654 to prosecute their own cases *pro se* in federal courts. 28 U.S.C. § 1654("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); *also see Faretta v. California*, 422 U.S. 806, 825, 834, 95 S.Ct. 2525, 2536-41, 45 L.Ed.2d 562 (1975)(Stating that Section 1654 "guarantee[s] a choice between representation by counsel and the traditional practice of self-representation."); *Myers v. Loudoun County Public Schools*, 418 F.3d 395, 400 (4th Cir. 2005)("An individual unquestionably has the right to litigate his own claims in federal court . . ..") "The right to litigate for *oneself*, however, does not create a coordinate right to litigate for *others*." *Myers*, 418 F.3d at 400(emphasis in original)(holding that generally a parent may not proceed *pro se* on behalf of his or her child); *also see Osborne v. Bank of the United States*, 22 U.S. 738, 6 L.Ed. 204 (1824)(A corporation can appear only by an attorney, while a natural person may appear for himself.) The Fourth Circuit has explained that "we consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)(finding that an individual may not proceed *pro se* on behalf of a class of plaintiffs); *also see Guest v. Hansen*, 603 F.3d 15, 20 (2nd Cir. 2010)("The law contains so many esoteric pitfalls for an untrained advocate . . . that the risk of inadvertent waiver or abandonment of an issue is too high for us to allow a *pro se* litigant to represent another person."). Additionally, it is "unlawful for any natural person to practice or appear as an attorney-at-law for another in a court of record in this state . . . without

The undersigned finds that Plaintiff's above allegations do not relate back to the allegations contained in Plaintiff's original Complaint in the above action. The current allegations occurred in 2019, after the filing of his original Complaint and are against new defendants. Therefore, the undersigned **CONSTRUES** Plaintiff's Motion to Amend as an attempt to initiate a new civil action pursuant to <u>Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971), and hereby **DIRECTS** the Clerk to open a new civil action and include therein a copy of Plaintiff's Motion to Amend (Document No. 96)[2]. The undersigned further **ORDERS** that the Clerk send Plaintiff a copy of a form Complaint and Application to Proceed *in forma pauperis* and that within 30 days of the date of entry of this Order (1) Plaintiff file, if he wishes to proceed with a <u>Bivens</u> action, the form Complaint specifying, among other things, the names of individual Defendant(s) in his <u>Bivens</u> action and stating specific facts as to how each defendant violated his constitutional rights, and (2) Plaintiff either pay the Court's filing fee ($350) and administrative fee ($50) totaling $400 or file the Application to Proceed *in Forma Pauperis* and other documents as required by 28 U.S.C. § 1915(a)(1) and (2). In filing his form Complaint, Plaintiff is hereby **NOTIFIED** that it will be insufficient for him to simply refer to his prior Motion to Amend (Document No. 96), or additional documentation, or to incorporate the same by reference in the form Complaint. The form Complaint will supersede the Motion to Amend (Document No. 96),

---

first having been duly and regularly licensed and admitted to practice law in a court of record in this state." W. Va. Code § 30-2-24. The undersigned, therefore, finds that Plaintiff Davis is precluded from prosecuting claims on behalf of the other named Plaintiffs as it would constitute the unauthorized practice of law. *See McClung v. United States*, 2010 WL 3999295 at * 1 (S.D.W.Va.)(J. Berger)(striking and declining to consider the merits of a letter written by a non-attorney on behalf of a *pro se* plaintiff because "it represents the unauthorized practice of law."); *Wagner v. Whipkey*, 2007 WL 1074870 at *2 (S.D.W.Va. (M.J. Stanley)("It is well settled that a *pro se* individual or individuals cannot represent a class.")

[2] The Clerk is **DIRECTED** to **TERMINATE** the Motion to Amend as a pending motion in the above

and there must be **one integrated document** that will provide the defendants with notice of the claims and allegations against them. Failure of the Plaintiff to file a form Complaint and complete Application to Proceed *in forma pauperis* or Without Prepayment of Fees within thirty (30) days from the date of this Order will result in a recommendation of dismissal of this matter without prejudice Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure[3] and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia[4].

Plaintiff is **NOTFIED** that the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a)(1996), requires that inmates exhaust available administrative remedies ***prior*** to filing civil actions though the administrative process may not afford them the relief they might obtain through civil proceedings.[5] Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2382-83, 165 L.Ed.2d 368 (2006); Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002)(The

---

action.

[3] Rule 41(b) of the Federal Rules of Civil Procedure provides:
> **(b) Involuntary Dismissal: Effect Thereof**. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

[4] Rule 41.1 of the Local Rules provides:
> **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall mail a certified copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.

[5] 42 U.S.C. § 1997e(a) provides as follows:
> No action shall be brought with respect to prison conditions under section 1983 of this title or any other federal law, by a prisoner confined in any jail, prison, or other correction facility until such administrative remedies as are available are exhausted.

Prison Litigation Reform Act's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes and whether they allege excessive force or some other wrong.); <u>Booth v. Churner</u>, 532 U.S. 731, 121 S.Ct. 1819, 1820,149 L.Ed.2d 958 (2001)("Under 42 U.S.C. § 1997e(a), an inmate seeking only money damages must complete any prison administrative process capable of addressing the inmate's complaint and providing some form of relief, even if the process does not make specific provision for monetary relief."). Exhaustion of administrative remedies is also required when injunctive relief is requested. <u>Goist v. U.S. Bureau of Prisons</u>, 2002 WL 32079467, *4, fn.1 (D.S.C. Sep 25, 2002), *aff'd*, 54 Fed.Appx. 159 (4th Cir. 2003), *cert. denied*, 538 U.S. 1047, 123 S.Ct. 2111, 155 L.Ed.2d 1088 (2003). "[A] court may not excuse a failure to exhaust" because the PLRA's mandatory exhaustion scheme "foreclose[es] judicial discretion." <u>Ross v. Blake</u>, ___ U.S. ___, 136 S.Ct. 1850, 1856-57, 195 L.Ed.2d 117 (2016)("[A] court may not excuse a failure to exhaust, even to take [special circumstances] into account."). To the extent there is no response to an administrative remedy within the requisite time period, an inmate should consider such as a denial and proceed to the next level in the administrative remedy process. Plaintiff is **NOTIFIED** that if he wishes to fully exhaust his administrative remedies prior to seeking relief, he should voluntary dismiss this action and initiate a new action upon completion of the administrative remedy process.

    Accordingly, it is hereby **ORDERED** that the Clerk mail a copy of this Order, a form Complaint, and a blank Application to Proceed *in Forma Pauperis* to Plaintiff.

    ENTER: August 23, 2019.

                                                      Omar J. Aboulhosn
                                                      United States Magistrate Judge