UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

ROLAND MATHIS,
           Plaintiff,

v.                                        CIVIL ACTION NO. 5:19-cv-00615

D.L. YOUNG, *et al.*,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending is Plaintiff's form Complaint [Doc. 2], originally filed on August 22, 2019,

in Civil Action No. 5:18-cv-01111 as Plaintiff's Motion to Amend.

**I.**

This action arises from Plaintiffs Motion to Amend, filed on August 22, 2019.

*Mathis v. Ziegler*, No. 5:18-cv-01111, ECF No. 96 (S.D. W. Va. Aug. 22, 2019). The Honorable

Omar J. Aboulhosn, United States Magistrate Judge, construed Plaintiff's Motion to Amend as an

attempt to initiate a new civil action pursuant to *Bivens v. Six Unknown Federal Agents of Federal*

*Bureau of Narcotics*, 403 U.S. 388 (1971). Magistrate Judge Aboulhosn then directed the Clerk to

open a new civil action and ordered:

> that the Clerk send Plaintiff a copy of a form Complaint and Application to Proceed
> *in forma pauperis* and that within 30 days of the date of entry of this Order (1)
> Plaintiff file, if he wishes to proceed with a *Bivens* action, the form Complaint
> specifying, among other things, the names of individual Defendant(s) in his *Bivens*
> action and stating specific facts as to how each defendant violated his constitutional
> rights, and (2) Plaintiff either pay the Court's filing fee ($350) and administrative
> fee ($50) totaling $400 or file the Application to Proceed *in Forma Pauperis* and
> other documents as required by 28 U.S.C. § 1915(a)(1) and (2). In filing his form
> Complaint, Plaintiff is hereby **NOTIFIED** that it will be insufficient for him to

simply refer to his prior Motion to Amend (Document No. 96), or additional
documentation, or to incorporate the same by reference in the form Complaint. The
form Complaint will supersede the Motion to Amend (Document No. 96), and there
must be **one integrated document** that will provide the defendants with notice of
the claims and allegations against them. Failure of the Plaintiff to file a form
Complaint and complete Application to Proceed *in forma pauperis* or Without
Prepayment of Fees within thirty (30) days from the date of this Order will result
in a recommendation of dismissal of this matter without prejudice Pursuant to Rule
41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules of
Civil Procedure for the Southern District of West Virginia.

*Ziegler*, No. 5:18-cv-01111, ECF No. 97 at *2–3 (S.D. W. Va. Aug. 23, 2019) (footnotes omitted).

Mr. Mathis' original action was ultimately dismissed without prejudice due to lack of service and

dismissed from the docket. *Ziegler*, No. 5:18-cv-01111, 2020 WL 5088695 at *2 (S.D. W. Va.

2020).

      This derived *Bivens* action was referred to the Honorable Omar J. Aboulhosn,

United States Magistrate Judge, for submission of proposed findings and a recommendation

("PF&R"). Magistrate Judge Aboulhosn filed his PF&R on August 14, 2020. Magistrate Judge

Aboulhosn recommended that the Court dismiss the Plaintiff's Complaint without prejudice and

remove this matter from the Court's docket. Mr. Mathis timely filed his objections on August 26,

2020. [Doc. 6]. A second submission from Mr. Mathis on August 27, 2020, was docketed as

Plaintiff's Second Objection [Doc. 7], but inasmuch as the second objections are identical to the

first, the Court will cite to only the first objections for simplicity.

## II.

      The Court is required "to make a de novo determination of those portions of the

report or specified findings or recommendations to which objection is made." 28 U.S.C. §

636(b)(1). The Court need not review, under a de novo or any other standard, the factual or legal

conclusions of the magistrate judge as to those portions of the findings or recommendation to

which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) (emphasis added) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*."). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

### III.

Mr. Mathis makes several objections, all of which the Court finds unpersuasive. As a preliminary matter, to the degree Mr. Mathis restates the facts giving rise to his alleged injury or the law respecting Mr. Mathis's cause of action, the Court finds that these general and conclusory objections are non-responsive to the PF&R. [Doc. 6 at 1–4]. Inasmuch as they do not direct the Court to a specific error in the PF&R, the Court overrules the objections regarding the factual background and legal contentions of Mr. Mathis' case. *See Orpiano*, 687 F.2d at 47.

Responding directly to the PF&R, Mr. Mathis objects to the dismissal of his case for failure to prosecute because he has failed to serve the Defendants. [Doc. 6 at 4, 6]. However, none of his objections provide good cause for not having served the Defendants. First, Mr. Mathis argues that the officers of the court are at fault for failing to adequately assist the plaintiff with service of process. [*Id.* at 4–5]. However, as the undersigned held in Mr. Mathis's earlier case, "while it is true that officers of the Court are tasked with aiding plaintiffs proceeding in forma pauperis by 'issu[ing] and serv[ing] all process,' 28 U.S.C. § 1915(d), the plaintiff is tasked with providing necessary and sufficient information so that service may be effected." *Ziegler*, No. 5:18-cv-01111, 2020 WL 5088695 at *2 (overruling Mr. Mathis's objections). In pursuing his *Bivens*

claim, Mr. Mathis has not provided the court with the information necessary and sufficient to effect service. As such, the Court overrules Mr. Mathis's objection inasmuch as it relates to the degree of assistance the United States Marshal Service must provide to pro se plaintiffs.

Second, Mr. Mathis points to his personal circumstances as another reason for his failure to prosecute this action. [Doc. 6 at 5]. He first notes that his incarceration prevented him from prosecuting this action. [*Id.*]. However, Mr. Mathis represents that he was released on January 28, 2020, meaning he has failed to prosecute this civil action for more than one year. Mr. Mathis also points to his ongoing health challenges as well as personal resource constraints as the reason for his failure to prosecute this civil action. [*Id.* at 6]. However, these reasons do not show good cause for Mr. Mathis's failure to prosecute this civil action for over one year. The Court overrules Mr. Mathis's objections as to his personal circumstances being the reason for his complete failure to prosecute this civil action.

Third, Mr. Mathis points to the ongoing public health emergency as another reason for his delay in prosecuting this civil action. [*Id.*] Although it is generally true that the pace of litigation has slowed during the ongoing pandemic, it does not provide good cause for a delay of this magnitude. In his objections, Mr. Mathis requested "6 months to the first of the year" as sufficient time to enable him to obtain the information necessary to effect service on the necessary defendants. [*Id.*]. However, the first of the year has passed, and Mr. Mathis is apparently no closer to effectuating service than he was when the PF&R was filed. To the extent that Mr. Mathis points to the ongoing public health emergency as the reason for his failure to prosecute this civil action, the Court overrules his objection.

Inasmuch as Mr. Mathis fails to direct the Court to any specific error in the PF&R, the Court concludes that Mr. Mathis' objections regarding his failure to prosecute this civil action

4

are without merit. *See Orpiano*, 687 F.2d at 47. Accordingly, the Court **OVERRULES** Mr. Mathis's objections and concludes that dismissal is warranted.

The Court **ADOPTS** the Magistrate Judge's PF&R [Doc. 5] and **DISMISSES** the case without prejudice.

The Court directs the Clerk to transmit a copy of this written opinion and order to any counsel of record and any unrepresented party herein.

ENTER: April 6, 2021



Frank W. Volk
United States District Judge

5